

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2009

# USA v. Antonio Ochoa-Hernan

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1673

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Antonio Ochoa-Hernan" (2009). *2009 Decisions.* Paper 1457.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1457

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1673
_____

UNITED STATES OF AMERICA

v.

ANTONIO OCHOA-HERNANDEZ,
a/k/a
ANTONIO CHORA-HERNANDEZ,
a/k/a
ALBERTO MARTINEZ-PEREZ,
a/k/a
JOSE MANUEL ORTIZ-MENDEZ

Antonio Ochoa-Hernandez,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-07-cr-00311-001)
District Judge: Honorable John E. Jones, III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2009

Before: SCIRICA, *Chief Judge*, SLOVITER and FISHER, *Circuit Judges*.

(Filed: April 29, 2009)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

This appeal arises out of Antonio Ochoa-Hernandez's guilty plea and subsequent sentence of 41 months' imprisonment for illegal reentry into the United States by a previously deported alien following conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). After Ochoa-Hernandez filed a timely pro se notice of appeal, his counsel filed a brief and motion to withdraw representation pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will grant counsel's *Anders* motion and affirm Ochoa-Hernandez's conviction and the District Court's judgment of sentence.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

A Pennsylvania State Trooper encountered a disabled van on the Pennsylvania Turnpike on July 9, 2007, and, in rendering assistance to the van's occupants, discovered that the driver and passengers, including Ochoa-Hernandez, were in the United States illegally. Ochoa-Hernandez was taken into custody by U.S. Immigration and Customs Enforcement, after which its officers learned that he had previously been deported from the United States three times and that he had been convicted in Washington State of delivery of and conspiracy to deliver methamphetamine over ten years earlier. Ochoa-

2

Hernandez was indicted on one count of illegal reentry into the United States by a previously deported alien following conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2), to which he pled guilty pursuant to a written plea agreement with the Government.

The U.S. Probation Office prepared a Presentence Investigation Report, which the District Court adopted without change. Under the U.S. Sentencing Guidelines, Ochoa-Hernandez's total offense level was 21, including a three-level reduction for acceptance of responsibility pursuant to his plea agreement, and his criminal history was category III. Based on these calculations, his advisory Guidelines range was 46 to 57 months' imprisonment. At sentencing on February 26, 2008, the District Court granted a variance because Ochoa-Hernandez had no history of violence and had stayed "relatively crime-free" for a long time period after his one drug conviction. It imposed a sentence of 41 months' imprisonment, as well as a special assessment totaling $100 and supervised release for a term of three years. This sentence is below the statutory maximum sentence of twenty years, as set forth in 8 U.S.C. § 1326(b)(2). Ochoa-Hernandez filed a timely pro se notice of appeal. Concluding that there were no nonfrivolous issues to appeal, his trial counsel filed a motion to withdraw and a supporting brief. Ochoa-Hernandez did not file a pro se brief.

II.

We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). In *Anders*, the Supreme Court held that "if counsel finds his [client's appeal] to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. In doing so, counsel must submit a brief addressing any issue that "might arguably support the appeal." *Id.*; *see also* L.A.R. 109.2(a).[1] We must then ascertain whether the appeal is "wholly frivolous." *Anders*, 386 U.S. at 744. In making this determination, we evaluate: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

III.

A.

Under the first prong of this inquiry, counsel must "satisfy the court that [he] has thoroughly examined the record in search of appealable issues, and . . . explain why the issues are frivolous." *Id.* In his brief, counsel addressed the following three issues: whether the District Court had jurisdiction to enter Ochoa-Hernandez's conviction and

---

[1]Third Circuit Local Appellate Rule 109.2(a) provides that "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which shall be served upon the appellant and the United States" (citations omitted).

impose sentence on him; whether Ochoa-Hernandez's guilty plea was valid and voluntary; and whether Ochoa-Hernandez's sentence was legal and reasonable. Counsel also provided an explanation as to why each of these issues is frivolous. Having reviewed counsel's brief and the accompanying materials, we conclude that he has met this requirement.

B.

After determining that counsel has satisfied the first prong, we must then review the record and independently determine whether any nonfrivolous issues for appeal exist. "[A]n appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (alterations in original) (quoting *Anders*, 386 U.S. at 744). Although our review is independent, if the *Anders* brief appears to be adequate on its face, a "complete scouring of the record" is unnecessary. *Youla*, 241 F.3d at 301. Instead, we can allow the *Anders* brief to guide our review. *Id.* In the present case, counsel's *Anders* brief is adequate on its face and, thus, it will guide our review.

First, counsel raises the issue of the District Court's jurisdiction to enter Ochoa-Hernandez's conviction and impose sentence on him. Because the District Court has subject-matter jurisdiction over all offenses against the laws of the United States under 18 U.S.C. § 3231, which includes the offense at issue in this case, we agree with counsel that any challenge to the District Court's jurisdiction is meritless.

Second, counsel raises the issue of whether Ochoa-Hernandez's guilty plea was valid and voluntary. For a guilty plea to meet the constitutional requirements established in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the statutory requirements of Federal Rule of Criminal Procedure 11, we have stated that during the plea colloquy:

> "The court must advise the defendant, inter alia, of the waiver of certain constitutional rights by virtue of a guilty plea, the nature of the charges to which he or she is pleading guilty, the maximum possible penalty to which he or she is exposed, the court's obligation to apply the Sentencing Guidelines [and] . . . discretion to depart from those guidelines under some circumstances, and the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence. The district court must ensure that the defendant receives these caveats, understands them, and still wishes of his or her own volition to plead guilty."

*United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006) (alterations in original) (internal quotation marks and citations omitted). After reviewing the transcript of the plea colloquy, we conclude that the District Court thoroughly advised Ochoa-Hernandez of all of the above issues, that Ochoa-Hernandez indicated that he understood the consequences of his plea, and that he entered his plea knowingly and voluntarily. Therefore, this issue lacks merit.

Finally, we agree with counsel that no nonfrivolous issues to appeal exist as to Ochoa-Hernandez's sentence, which we examine for procedural and substantive reasonableness under an abuse of discretion standard pursuant to *Gall v. United States*, 128 S. Ct. 586, 597 (2007). As required by *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006), the District Court properly calculated Ochoa-Hernandez's Guidelines

6

range as 46 to 57 months' imprisonment, correctly determined there were no pending or applicable motions for departure and thus did not grant any, and then exercised its discretion by considering the relevant 18 U.S.C. § 3553(a) factors, ultimately granting a variance and imposing a below-Guidelines sentence of 41 months' imprisonment. Moreover, there is no basis on which to conclude that Ochoa-Hernandez's sentence was substantively unreasonable in light of the District Court's meaningful consideration and application of the § 3553(a) factors. *See United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006). Accordingly, our independent review of the record demonstrates that Ochoa-Hernandez has no nonfrivolous issues for appeal.

IV.

For the aforementioned reasons, we will grant Ochoa-Hernandez's counsel's *Anders* motion and affirm the sentence imposed by the District Court.[2]

---

[2]As a result, we conclude that it is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Ochoa-Hernandez's behalf. *See* L.A.R. 109.2(b).